UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHAVI ROSENBERG on behalf of
herself and all other similarly situated
consumers

                                      Plaintiff,

-v-                                                              Index No. 15-CV-4706(BMC)

                                                                                  **ANSWER**

SHARINN & LIPSHIE, P.C.

                                      Defendant.

---

Defendant, SHARINN & LIPSHIE, P.C., by their attorney, Amanda Moreno, Answer the Complaint as follows:

1. Admit that the Plaintiff purports to bring this action under the Fair Debt Collections Practices Act ("FDCPA") as alleged, but denies that the Plaintiff has any such claim against the Defendant or has stated one within the complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the Complaint.

4. Admit.

5. Admit.

6. Admit.

7. In response to the allegations contained in paragraph 7 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

8. In response to the allegations contained in paragraph 8 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

9. In response to the allegations contained in paragraph 9 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

10. In response to the allegations contained in paragraph 10 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

11. Admit.

12. Admit.

13. Admit.

14. Deny.

15. In response to the allegations contained in paragraph 15 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

16. In response to the allegations contained in paragraph 16 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. In response to the allegations contained in paragraph 27 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

28. Deny.

29. In response to the allegations contained in paragraph 29 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

30. Deny.

31. In response to the allegations contained in paragraph 31 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

32. In response to the allegations contained in paragraph 32 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

33. In response to the allegations contained in paragraph 33 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

34. In response to the allegations contained in paragraph 34 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

35. In response to the allegations contained in paragraph 35 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

36. In response to the allegations contained in paragraph 36 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

37. In response to the allegations contained in paragraph 37 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

38. In response to the allegations contained in paragraph 38 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

39. In response to the allegations contained in paragraph 39 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, deny.

40. In response to the allegations contained in paragraph 40 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

41. In response to the allegations contained in paragraph 41 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary. To the extent that an answer is necessary, Sharinn & Lipshie, P.C. has not violated the provisions of the FDCPA.

### AS FOR THE FIRST AFFIRMATIVE DEFENSE

42. Repeat and reallege each and every allegation contained in paragraphs 1 through 41 above as though set forth in full herein.

43. Plaintiff fails to state a cause of action for which relief may be granted, and any claim is mitigated and avoided.

### AS FOR A SECOND AFFIRMATIVE DEFENSE

44. Repeat and reallege each and every allegation contained in paragraphs 1 through 43 above as though set forth in full herein.

45. Plaintiff has failed to state a claim for actual damages in accordance with 15 U.S.C. §1692k.

### AS FOR A THIRD AFFIRMATIVE DEFENSE

46. Repeat and reallege each and every allegation contained in paragraphs 1 through 45 above as though set forth in full herein.

47. Plaintiff failed to mitigate damages, if any.

### AS FOR A FORTH AFFIRMATIVE DEFENSE

48. Repeat and reallege each and every allegation contained in paragraphs 1 through 47 above as though set forth in full herein.

49. If there are FDCPA violations as alleged by the Plaintiff, S&L's actions were non-intentional and a bona fide error, inter alia, for purposes of 15 U.S.C. § 1692k (b) (c).

### AS FOR A FIFTH AFFIRMATIVE DEFENSE

50. Repeat and reallege each and every allegation contained in paragraphs 1 through 49 above as though set forth in full herein.

51. Defendants acted reasonably and in good faith with respect to Plaintiff at all material times based upon all relevant facts and circumstances known by Defendant at the times it acted.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE

52. Repeat and reallege each and every allegation contained in paragraphs 1 through 51 above as though set forth in full herein.

53. The herein action was brought in bad faith and for the purposes of harassment.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE

54. Repeat and reallege each and every allegation contained in paragraphs 1 through 53 above as though set forth in full herein.

55. Defendant reserves the right to assert any other additional defenses which may become known or available to it during the pendency of this action.

### AS FOR A EIGHT AFFIRMATIVE DEFENSE

56. Repeat and reallege each and every allegation contained in paragraphs 1 through 55 above as though set forth in full herein.

57. Plaintiff's claims are barred by the statute of limitations.

**WHEREFORE,** Defendant prays that this Court dismisses the Plaintiff's Complaint in its entirety as Plaintiff's action was brought in bad faith, with the intention to harass Defendants.  As such, Defendant respectfully requests that the Court award Defendant costs and attorney fees pursuant to 15 U.S.C. § 1692k (3).

Dated:   October 7, 2015
         Uniondale, New York

                                                      /s/: Amanda J. Moreno
                                                      Amanda J. Moreno, Esq.
                                                      Sharinn & Lipshie, P.C.
                                                      Attorney for the Defendant
                                                      333 Earle Ovington Blvd.
                                                      Suite 102
                                                      Uniondale, New York 11553
                                                      516-873-6600