**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

November 2, 2015

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE: Rosenberg v. Sharinn**
    **15 CV 4706 (BMC)**

Dear Judge Cogan:

I represent the plaintiff in the above matter. As an officer of the court, I feel compelled to set forth the following. Ms. Moreno claims that my email inquiring about the documents went to her spam email. She further set forth in an email today that the documents were sent to me on October 23, 2015. I have checked and did not receive any email. I received various policy manuals, call history monitoring documents concerning calls made by the collector at issue and the account history for the plaintiff. I set forth this information as it may be relevant to today's proceeding.

In order to prepare the substance of today's conference, I set forth the following.

On page 11 of a calling procedures document, it sets forth as follows:

**Account Documentation**

Collectors are required to document accounts after speaking with the customer and/or third party. Documentation must clearly support any conversation with a customer along with all pertinent information obtained during the telephone conversation or any other action that occurred on the account.

**Caller Identification & Authentication Documentation**

Authentication must be performed prior to releasing any information or making any attempt to collect a debt. Collectors are required to document

what was authenticated with the customer.  Collectors must also document the phone number dialed, who they spoke to/verified with authentication, the relationship of the caller to the customer (if applicable).  Samples of appropriate identification and authentication documentation:

- Inwrd call, spk w/ ch at 330-555-5555, vrfd SSN

- Outbnd call, 302-555-5555, spk with John Smith, ch's spouse, vrfd PSA

While I was provided with different policy manuals, it appears that this information is most direct as to the procedures for leaving third party messages.  The policy reflects that the collector speaks with third parties and that the details are kept of those calls including with whom the collector spoke.  Furthermore, the account history confirms adherence to this policy as the account history reflects that the collector left messages with a third party.

According to the documentation we have seen so far, our allegations that this could be a law firm policy to leave messages with third parties seems to have support.  The policy does not set forth to disconnect with a third party but to document the call with a third party.  Your Honor has already opined that the appropriate procedure is to hang up.

In <u>Tjartjalis v. Global Credit and Collection Corp., No.17 1:14-cv-00273 (E.D.N.Y. April 14, 2014)</u> Your Honor wrote:

"Defendant asserts that it had no viable option other than to identify itself as a collection company because Sussman v. I.C. Sys., Inc., 928 F. Supp. 2d 784 (S.D.N.Y. 2013), precluded it from simply hanging up and leaving no message, as Marisco implicitly suggested it might, and Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y.2006), required defendant to identify itself as a debt collector in the message. But defendant has overstated the facts in Sussman, because the debtor had specifically instructed plaintiff to stop calling, and the collection company nevertheless made 50 calls over approximately three months, hanging up each time....Thus, just as in Marisco, the "rock and hard place" between which defendant attempts to portray itself could have been avoided simply by hanging up."

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein

Cc:    Amanda J. Moreno, Esq.